■ MARY L. HAYS, as Administratrix of the Estate of HAROLD J. HAYS, Deceased, Appellant, v. EDWARD P. MCBRIDE, Respondent.— In an action to recover damages for wrongful death, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered November 20, 1968 in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiff's case upon a jury trial on the issues of liability. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The questions of fact have not been considered. In our opinion, although a verdict in favor of plaintiff might have been on a very weak foundation, a prima facie case was made out and it was error to dismiss the complaint (cf. *Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132; *Wragge* v. *Lizza Asphalt Constr. Co.*, 17 N Y 2d 313; *Czekala* v. *Meehan*, 27 A D 2d 565). Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur; Christ, P. J., dissents and votes to affirm the judgment, with the following memorandum: This is a wrongful death action. On the trial, defendant (called as a witness by plaintiff) testified that he was operating a panel truck in the single northbound lane of Lewis Road when the decedent's car, proceeding in the single southbound lane, rounded a curve, crossed a double white line separating the north and south lanes, and struck the panel truck, which had slowed to about five miles per hour while angling to the extreme right of the northbound lane. It was conceded on the trial that the decedent's car had in fact crossed the lines and had collided with the panel truck in the truck's proper lane. About a week after the accident, defendant pleaded guilty to a charge of operating the truck with unsafe tires in violation of section 375 of the Vehicle and Traffic Law. In my opinion, the complaint was properly dismissed at the end of plaintiff's case. While driving with unsafe tires may have been negligence on defendant's part, there is no basis in the record, short of sheer speculation, for a finding that such negligence was a proximate cause of this accident. (*O'Neill* v. *Hamill*, 22 A D 2d 691, 692.) Nor was defendant,

confronted with an emergency situation not of his own making, obliged to exercise the best possible judgment in the operation of his truck when the decedent's car came into the northbound lane (*Rowlands* v. *Parks*, 2 N Y 2d 64, 67; cf. *Palmer* v. *Palmer*, 31 A D 2d 876, 877). The decedent's contributory negligence was established prima facie when it was conceded that his car had come over onto the wrong side of the road (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132, 135) and there is not the slightest basis in the evidence to justify an exculpatory explanation for his presence there.